UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| AARON GEORGE GUZMAN, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. _____ |
| TECHERTAIN, LLC D/B/A ONBUZZ, | § § § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

Plaintiff Aaron George Guzman ("Plaintiff" or "Guzman") brings this suit against Defendant Techertain, LLC d/b/a OnBuzz, ("Defendant" or "OnBuzz") and shows as follows:

### I. NATURE OF SUIT

1. OnBuzz employed Guzman as its Chief Marketing Officer for eight months. Pursuant to the agreement of the parties, Plaintiff was to receive an annual salary of $140,000.00 plus an incentive plan and benefits. To date, OnBuzz has wholly failed to pay Plaintiff a single dollar in wages for the services that he provided while employed as the CMO of OnBuzz.

### II. PARTIES

2. Plaintiff Aaron George Guzman is an individual residing in Williamson County, Texas at 2930 Grand Oaks Loop, Unit 201, Cedar Park, Texas 78613.

3. Defendant Techertain, LLC d/b/a OnBuzz is a Texas limited liability corporation with its principal place of business located at 100 Congress Avenue, Suite 2000, Austin, Texas

78701. It can be served with process through its registered agent, CT Corporation System, located at 1999 Bryan St., Ste. 900, Dallas, TX 75201.

### III.   JURISDICTION AND VENUE

4. This Court has jurisdiction over this case pursuant to the Court's federal question jurisdiction as set forth in 28 U.S.C. § 1331.

5. Defendant's place of business is in this District. At all times while Plaintiff was employed by Defendant, he performed a significant portion of his job duties in this District.

6. Venue is therefore proper in this Court, because Defendant's place of business is located in this District and a substantial part of the events forming the basis of the suit occurred in this District.

### IV.   FACTUAL ALLEGATIONS

7. Guzman is an executive level marketing professional with over 20 years of experience in product marketing, brand management, product strategy, business development support, and alliance management.

8. On or about June 17, 2014, OnBuzz's CEO, Alan Elias, offered Guzman a job to come on as OnBuzz's Chief Marketing Officer ("CMO").

9. OnBuzz hired Guzman to work with investors, create a business plan, and create and implement a marketing plan among many other roles that Guzman filled as necessary.

10. In Guzman's role as CMO, OnBuzz agreed to pay Guzman a base salary of $140,000.00 per year. Further, OnBuzz offered Guzman an incentive plan and benefits. Guzman accepted OnBuzz's offer to serve as its CMO for $140,000.00 per year.

11. Guzman began working for OnBuzz as its CMO on June 23, 2014.

12. Guzman performed all duties required by OnBuzz including working directly with investors to raise capital, creating a business and marketing plan, and handling all aspects of OnBuzz's brand management.

13. Throughout his employment with OnBuzz, Guzman never received a paycheck. OnBuzz wholly failed to pay him any wages—much less the agreed upon salary of $140,000.00 per year.

14. Further, Guzman was not ever paid any incentives or benefits.

15. OnBuzz repeatedly reassured Guzman that he would receive back pay for all of his unpaid wages. It is now clear that OnBuzz never intended to pay Guzman his wages. Rather, OnBuzz's only goal was to continue receiving high-level marketing expertise and labor from Guzman.

16. Relying on OnBuzz's representations, Guzman continued working for OnBuzz until it became apparent to Guzman that OnBuzz had no intention of ever paying him his back wages.

17. Guzman resigned from his employment with OnBuzz on February 20, 2015.

18. Despite Guzman's repeated demands, OnBuzz has, and continues to, refuse to pay Guzman any of his owed and agreed upon wages.

19. Guzman now brings this suit to recover for OnBuzz's wrongful conduct.

## V.   CAUSES OF ACTION

**i.   FLSA Violation – Failure to Pay Minimum Wage**

20. All of the foregoing and below paragraphs are incorporated as if fully set forth herein verbatim.

21. OnBuzz employed Guzman.

22. As evidenced above, Guzman was not paid his federally mandated minimum wages for all workweeks in violation of the FLSA.

23. There are no applicable exemptions that allowed OnBuzz to circumvent the minimum wage requirements of the FLSA.

24. Guzman is entitled to recover compensation for the hours he worked for which he was not paid at the federal minimum wage rate.

25. Further, Guzman is entitled to an amount equal to all of his unpaid minimum wages as liquidated damages pursuant to 29 USC § 216(b).

26. Finally, Guzman is entitled to recover his attorneys' fees and costs of bringing this action pursuant to 29 USC § 216(b).

    **ii.**     **Breach of Contract**

27. All of the foregoing and below paragraphs are incorporated as if fully set forth herein verbatim.

28. Guzman entered into a valid and enforceable employment contract with OnBuzz. Through the conduct described above, OnBuzz has materially breached the agreement, in one or more respects. Specifically, OnBuzz failed to pay wages agreed to under Guzman's employment contract.

29. All conditions precedent to Guzman's right to bring this action and to recover the requested relief have been performed, have occurred, or have been waived.

30. As a direct and proximate result of OnBuzz's breaches, Guzman has suffered, and will continue to suffer, actual damages, although such damages are not readily ascertainable or measurable.

31. Because of OnBuzz's wrongful acts, Guzman has been required to retain the services of the law firm of Gray Reed & McGraw, P.C. to prosecute his claims. Guzman has agreed to pay his attorneys' reasonable fees and expenses for their services. Guzman is entitled to recover his reasonable and/or necessary attorneys' fees and costs incurred in the prosecution of this lawsuit pursuant to applicable statutes—including Section 38.001(8) of the Texas Civil Practice and Remedies Code.

### iii. Fraud

32. All of the foregoing and below paragraphs are incorporated as if fully set forth herein verbatim.

33. OnBuzz's conduct as described herein constitutes common law fraud and fraudulent inducement. OnBuzz made material misrepresentations to Guzman regarding the terms of his employment. OnBuzz knew the representations were false or made the representations recklessly, as positive assertions, without knowledge of their truth.

34. Guzman detrimentally relied on OnBuzz's material misrepresentations. In addition, OnBuzz fraudulently induced Guzman into his employment with OnBuzz when it is now clear OnBuzz never had any intention of paying him his agreed upon salary and benefits.

35. As a result of OnBuzz's fraud, Guzman has been damaged in excess of the minimum jurisdictional limits of this Court, for which amount he now sues.

### iv. Quantum Meruit

36. All of the foregoing and below paragraphs are incorporated as if fully set forth herein verbatim.

37. Guzman provided valuable services to OnBuzz. Specifically, Guzman acted as OnBuzz's CMO for eight months.

38. OnBuzz accepted Guzman's services and allowed him to perform such services for OnBuzz's benefit.

39. As evidenced above, OnBuzz had reasonable notice that Guzman expected compensation for his services performed for OnBuzz's benefit.

40. As a result, Guzman has been damaged in excess of the minimum jurisdictional limits of this Court, for which amount he now sues.

    **v.**    **Promissory Estoppel**

41. All of the foregoing and below paragraphs are incorporated as if fully set forth herein verbatim.

42. Guzman reasonably and substantially relied on OnBuzz's promise to his detriment. Specifically, Guzman performed services for OnBuzz for eight months.

43. Guzman's reliance was foreseeable by OnBuzz.

44. Injustice can now only be avoided by enforcing OnBuzz's promise to pay Guzman his agreed upon salary and benefits.

45. As a direct and proximate result of such conduct, Guzman has suffered and will continue to suffer damages in excess of the minimum jurisdictional limits of this Court, although such damages may not be readily ascertainable or measurable.

### VI.    JURY DEMAND

46. Plaintiff demands a jury trial.

### VII.    RELIEF SOUGHT

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that the Court:

a. award Plaintiff all damages to which he is entitled, including, but not limited to, actual damages, including direct and consequential damages, exemplary damages, as

determined by the trier of fact, pre-judgment and post-judgment interest, reasonable attorneys' fees and expenses, and costs of suit;

b. render judgment against Defendant for all damages to which Plaintiff is entitled, including, but not limited to, actual damages, including direct and consequential damages, as determined by the trier of fact, exemplary damages, pre-judgment and post-judgment interest, reasonable attorneys' fees and expenses, and costs of suit; and

c. award Plaintiff all such other and further relief, at law or in equity, to which he may show himself justly entitled.

Dated: November 23, 2015

                                      Respectfully submitted,

                                      By: */s/Ruth Ann Daniels*
                                          RUTH ANN DANIELS
                                          Texas Bar No. 15109200
                                          rdaniels@graygreed.com
                                          MARCUS FETTINGER
                                          Texas Bar No. 24078500
                                          mfettinger@grayreed.com
                                          *Application Pending*

                                      GRAY REED & MCGRAW, P.C.
                                      4600 Thanksgiving Tower
                                      1601 Elm Street
                                      Dallas, Texas 75201
                                      (214) 954-4135 - Telephone
                                      (214) 953-1332 - Facsimile

                                    **ATTORNEYS FOR PLAINTIFF**