IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| AARON GEORGE GUZMAN, | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | Civil Action No. 1:15-CV-01061 |
| | § | |
| TECHERTAIN, LLC D/B/A ONBUZZ, | § | |
| | § | |
| **Defendant.** | § | |
| | § | |

ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S ORIGINAL COMPLAINT

Defendant Techertain, LLC, improperly named as "Techertain, LLC d/b/a Onbuzz," (hereinafter "Techertain), by counsel, hereby answers the factual allegations of the Original Complaint and states its affirmative defenses thereto. Techertain responds to each paragraph of the Complaint as follows:

## I.        NATURE OF SUIT

1.        Plaintiff's summary of the lawsuit does not require a response, however, to the extent allegations are made in Paragraph 1 against Techertain, Techertain denies such allegations.

## II.        PARTIES

2.        Techertain is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 2.

3.        Techertain denies the allegations of Paragraph 3.

## III.        JURISDICTION AND VENUE

4.        The allegations set forth in Paragraph 4 of the Complaint contain legal

1

conclusions to which no response is required, however, Techertain admits that the court has jurisdiction over this matter.

     5.    Techertain admits the allegations of Paragraph 5.

     6.    The allegations set forth in Paragraph 6 of the Complaint contain legal conclusions to which no response is required, however, Techertain admits that venue is proper.

## IV.    FACTUAL ALLEGATIONS

     7.    Techertain is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7.

     8.    Techertain admits that on or about June 20, 2014, Plaintiff was offered a CMO position by Alan Elias.

     9.    Techertain denies that Plaintiff was hired to work with investors.  Techertain admits that Plaintiff engaged in the remaining activities described in Paragraph 9, however, denies that this is a complete and accurate description of his role with Techertain.

     10.    Techertain denies the allegations of Paragraph 10.

     11.    Techertain admits the allegations of Paragraph 11.

     12.    Techertain denies that Plaintiff worked directly with investors to raise capital. Techertain admits that Plaintiff engaged in the remaining activities described in Paragraph 12, however, denies that this is a complete and accurate description of his role with Techertain.

     13.    Techertain denies the allegations of Paragraph 13.

     14.    Techertain admits the allegations of Paragraph 14.

     15.    Techertain denies the allegations of Paragraph 15.

     16.    Techertain denies the allegations of Paragraph 16.

     17.    Techertain admits that Plaintiff's last day of work with Techertain was

February 20, 2015.

18.     Techertain denies the allegations of Paragraph 18.

19.     Techertain, upon information and belief, admits the allegations of Paragraph 19.

## V.      CAUSES OF ACTION

**i.      FLSA Violation – Failure to Pay Minimum Wage**

20.     Techertain repeats and re-incorporates its responses to Paragraphs 1 through 19 of the Complaint as if set forth fully herein

21.     Techertain admits Plaintiff worked as CMO for Techertain pursuant to a written agreement, as alleged in Paragraph 28 of the Complaint below.

22.     The allegations set forth in Paragraph 22 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Techertain admits that Plaintiff's accrued compensation was not due per the terms of the agreement between the parties because Techertain had not yet received full funding of the film fund.

23.     Techertain denies the allegations of Paragraph 23.

24.     The allegations set forth in Paragraph 24 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Techertain denies that Plaintiff is entitled to damages from Techertain and denies that Plaintiff's accrued compensation is due per the terms of the agreement between the parties.

25.     The allegations set forth in Paragraph 25 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Techertain denies that Plaintiff is entitled to damages from Techertain and denies that Plaintiff's accrued compensation is due per the terms of the agreement between the parties.

26.     The allegations set forth in Paragraph 26 of the Complaint contain legal

conclusions to which no response is required.  To the extent a response is required, Techertain denies that Plaintiff is entitled to damages from Techertain.

### ii.     Breach of Contract

27.     Techertain repeats and re-incorporates its responses to Paragraphs 1 through 26 of the Complaint as if set forth fully herein

28.     Techertain admits that Plaintiff and Techertain entered into a mutually agreed upon contract that provided Plaintiff the opportunity to earn compensation that would accrue and be payable when Techertain "obtain[ed] full funding of the film fund."  Techertain denies the remaining allegations of paragraph 28.

29.     Techertain denies the allegations of Paragraph 29.

30.     Techertain denies the allegations of Paragraph 30.

31.     Techertain admits, upon information and belief, that Plaintiff retained attorneys for this matter.  Techertain is without sufficient information regarding the pay arrangements between Plaintiff and his attorneys.  Techertain denies the remaining allegations of Paragraph 31.

### iii.     Fraud

32.     Techertain repeats and re-incorporates its responses to Paragraphs 1 through 31 of the Complaint as if set forth fully herein

33.     Techertain denies the allegations of Paragraph 33.

34.     Techertain denies the allegations of Paragraph 34.

35.     Techertain denies the allegations of Paragraph 35.

### iv.     Quantum Meruit

36.     Techertain repeats and re-incorporates its responses to Paragraphs 1 through 35 of the Complaint as if set forth fully herein

4

37.     Techertain admits the allegations of Paragraph 37.

38.     Techertain admits the allegations of paragraph 38.

39.     Techertain denies the allegations of Paragraph 39 to the extent it puts forth a legal conclusion.

40.     Techertain denies the allegations of Paragraph 40.

**v.     Promissory Estoppel**

41.     Techertain repeats and re-incorporates its responses to Paragraphs 1 through 40 of the Complaint as if set forth fully herein

42.     Techertain denies the allegations of Paragraph 42.

43.     Techertain denies the allegations of Paragraph 43.

44.     Techertain denies the allegations of Paragraph 44.

45.     Techertain denies the allegations of Paragraph 45.

## V.     JURY DEMAND

Plaintiffs' demand for jury trial does not require a response. Techertain demands a trial by jury on all issues so triable.

## VII. RELIEF SOUGHT

Plaintiff's prayer for relief does not require a response.  To the extent a response is required, Techertrain denies that Plaintiff is entitled to any relief or to the relief he specifically seeks.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against Techertain upon which relief may be granted. Techertain reserves the right to move, at or before the time of trial, to dismiss the Complaint for failure to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in part by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C. § 260, because any acts omissions giving rise to this action were done in good faith and with reasonable grounds for believing that the acts or omissions were not a violation of the FLSA.

### THIRD AFFIRMATIVE DEFENSE

Every portion of Plaintiff's claim arising more than two years prior to the date upon which the Original Complaint was filed (or three years if there is a finding of willfulness) is barred by the limitations period contained in Section 5 of the Portal-to-Portal Act., 29 U.S.C. § 255.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff cannot recover for quantum meruit because there is an actual contract in place

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff cannot recover or be harmed because he consented to the act causing the alleged harm.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. § 254, as to all hours during which he was engaged in activities which were preliminary

or postliminary to his principal activities.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to liquidated damages from Defendant because Defendant acted in good faith and had an objective reasonable ground to believe that it did not violate the FLSA.

## SEVENTH AFFIRMATIVE DEFENSE

After-acquired evidence of Plaintiff's misconduct, if discovered, may bar some or all of Plaintiff's claims, allegations, or alleged damages

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff is barred from claiming or obtaining equitable relief on the grounds that adequate legal remedies exist.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery because Plaintiff's conduct constituted a waiver and/or ratification.

## TENTH AFFIRMATIVE DEFENSE

Defendant made no false representations of past or existing material fact.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendant concealed no material facts from Plaintiff, made no statements or promises, made no false statements or promises with knowledge of their falsity, if any, made no false statements or promises with intent to induce Plaintiff's reliance on such statements or promises and Plaintiff did not justifiably rely on any representations or promises, if any, made by Defendant.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff failed to take advantage of preventative or corrective opportunities or to otherwise avoid harm.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's common law claims are preempted by the Fair Labor Standards Act.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to attorneys' fees against Techertain pursuant to Section 38.001(8) of the Texas Civil Practice and Remedies Code.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's breach of contract claim is not ripe for adjudication because his accrued compensation is not yet due per the terms of the contract.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's breach of the conditions of the agreement may preclude him from recovering.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery due to non-occurrence of a condition precedent.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant Techertain asserts and reserves the right to amend these Affirmative Defenses and assert additional defenses as they may become known.

Respectfully submitted,

**WELTER LAW FIRM, P.C.**

 /s/ M. Wilson Stoker
M. Wilson Stoker
State Bar No. 24076806
Eric A. Welter
mws@welterlaw.com
eaw@welterlaw.com
**WELTER LAW FIRM, P.C.**
101 W. Sixth Street, Suite 506
Austin, Texas 78701
(512) 369-3294
(703) 435-8851 (fax)

COUNSEL FOR DEFENDANT
TECHERTAIN, LLC D/B/A TECHERTAIN

<u>**CERTIFICATE OF SERVICE**</u>

  I hereby certify that on December 16, 2015, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which served the foregoing on the following counsel of record who are CM/ECF participants:

  Ruth Ann Daniels
  rdaniels@grayreed.com
  Marcus Fettinger
  mfettinger@grayreed.com
  GRAY REED &MCGRAW, P.C.
  4600 Thanksgiving Tower
  1601 Elm Street
  (214) 954-4135 Telephone
  (214) 953-1332 Facsimile

  I further certify that I mailed the foregoing document and the notice of electronic filing by first class mail to the following non-CM/ECF participants:

  N/A

        /s/ M. Wilson Stoker
        M. Wilson Stoker